**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4244**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

WILLIAM MOORE, JR., a/k/a Junior Moore,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:96-cr-00047-FDW-1)

———————

Submitted: February 17, 2010      Decided: March 4, 2010

———————

Before GREGORY, DUNCAN, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Claire J. Rauscher, Ross H. Richardson, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Edward R. Ryan, Acting United States Attorney, Mark Odulio, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Moore, Jr., appeals the district court's order revoking his supervised release and sentencing him to twenty-seven months in prison. We affirm.

In a Petition for Warrant for Offender under Supervision, Moore's probation officer alleged that Moore had violated five terms of his release. Violation (2) stated:

NEW LAW VIOLATION. . . The defendant has violated the condition of supervision that states, "The defendant shall not commit another federal, state, or local crime," in that, on 8-15-08, in Cleveland County, NC, the defendant was charged with failing to wear a seat belt, possession of drug paraphernalia, felony possession [of a] Sch. VI controlled substance and possession with intent to sell and deliver marijuana. The charges of felony possession of Sch. VI [sic] and possession with intent to sell and deliver marijuana remain pending in Cleveland County, NC. (Grade A violation).

At Moore's revocation hearing, there was testimony that North Carolina State Trooper Saucier initiated a traffic stop after he observed Moore operating a vehicle while not wearing a seat belt. When Saucier approached the vehicle, he smelled unburnt marijuana. He then called for backup. The backup officer, Trooper Horton, approached the passenger side of the vehicle to speak to Moore's passenger, Marcus Sadler. Sadler reached down to the floorboard and pulled out a holstered gun, which he attempted to remove from the holster. Horton grabbed the gun, and Moore and Sadler were arrested. During a

2

search of the vehicle, officers found digital scales and several baggies containing marijuana in the glove compartment, a box containing over 300 grams of marijuana on the rear seat of the vehicle, and over $2600 in cash on Sadler's person.

The district court found that Moore had committed violation (2). The court stated that a preponderance of the evidence established that Moore "was involved with one or more to possess with intent to distribute and sell and deliver marijuana, which is a state law violation." In particular, the court noted that Moore had a history of dealing drugs. He was driving a vehicle from which emanated a strong smell of unburnt marijuana. As an admitted marijuana user, Moore would have recognized the drug's smell. The court concluded that Moore "put[] himself in the position of facilitating the distribution of marijuana" for Sadler.

Moore contends on appeal that the district court violated his due process rights and Fed. R. Crim. P. 32.1(b)(1)(A) because, rather than finding that he had violated state law as charged in the Petition, the court found that he instead had committed a violation of the federal drug conspiracy laws. While there was some discussion of federal conspiracy law at the revocation hearing, our review of the transcript of the hearing reveals that the district court did not conclude that Moore had violated federal, rather than state law. The court

determined instead that evidence presented at the hearing established the state law violation.

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
